15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Ruelas LUNA, Defendant-Appellant.
 No. 93-10099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 23, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Ruelas Luna appeals the imposition of a $50.00 special assessment as part of his sentence, following a guilty plea, for possession of an unregistered firearm in violation of 26 U.S.C. Secs. 5861(d), 5871. Despite a negotiated plea agreement in which Luna expressly waived his right to appeal his sentence, he contends the district court erred by failing to personally advise him about the special assessment. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 4
 Here, the government argues that, because Luna expressly waived his right to appeal his sentence, he may not challenge the special assessment component of his sentence. We agree. The government agreed to recommend a sentence at the low end of the applicable Guidelines range and did so. In exchange, Luna agreed to waive his right to appeal his sentence. Because there is no indication in the record that Luna's plea was not knowingly and voluntarily made, the waiver is valid and Luna may not appeal any part of his sentence. See id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3